The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR14-05005RBL |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| GAIL JEANETTE MOODY, | **Hearing: March 27, 2015 at 10:30 a.m.** |
| Defendant. | |

## I. INTRODUCTION

The United States of America, by and through Annette L. Hayes, Acting United States Attorney for the Western District of Washington, and Erin M. Wilson, Assistant United States Attorney for said District, files this Sentencing Memorandum. On September 18, 2014, defendant Gail Jeanette Moody, pursuant to a Plea Agreement with the United States, entered a plea of guilty to Theft of Government Money, in violation of Title 18, United States Code, Section 641.

Ms. Moody devised and executed a scheme to steal over $250,000 from the United States Army. As discussed more thoroughly before, the defendant was formerly employed by Joint Base Lewis McChord Lodging as an accounting technician for the Rainier Inn. In the course of her employment, the defendant was entrusted to handle significant sums of public money. Rather than honor this position of public trust, for

United States' Sentencing Memorandum/Moody
No. CR14-05005RBL - 1

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

more than two years, the defendant stole cash paid to the Rainier Inn and tampered with business records in order to conceal the fact that she had been habitually stealing from her employer. Indeed, Ms. Moody stole a total of $251,306.24 in cash receipts paid to the Rainier Inn. If it were not for Ms. Moody's deliberate and intentional criminal conduct, the United States Army could have put the funds that she stole to appropriate use for the benefit of military personnel and their families.

## II.  FACTUAL BACKGROUND

The facts and circumstances underlying the offense conduct for which Ms. Moody pled guilty are summarized in the Plea Agreement and Presentence Report, and these facts are likewise discussed and expanded upon below. *See* Plea Agreement ¶ 10; P.S.R. at ¶¶ 7-9.

**A. Defendant's Employment with JBLM Lodging Spanned Nearly 30 Years**

Defendant was employed at Joint Base Lewis McChord Lodging ("JBLM Lodging"), and its predecessor entity, Ft. Lewis Lodging, in various capacities from September 1985 until October 2012. At all times relevant to this case, JBLM Lodging operated two lodging facilities on JBLM, and the defendant was employed at the facility known as the Rainier Inn. JBLM Lodging, including the Rainier Inn, was owned and operated by the United States Department of Defense, and it provided low cost lodging to active duty military personnel, persons under official military orders from the United States Department of Defense, retired military personnel, and their families.

In 1985, the defendant was hired to work as a desk clerk. From that time until she abruptly left her employment in 2012, she held similar positions, including operations clerk and accounting technician. Defendant's responsibilities included various bookkeeping and accounting tasks, and over the course of her lengthy career, she became increasingly familiar with and responsible for handling and accounting for cash receipts from JBLM Lodging.

//

United States' Sentencing Memorandum/Moody
No. CR14-05005RBL - 2

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Starting in 2009, the defendant began working primarily in her own office, which was separate from the main Rainier Inn facility.  The defendant's isolated work space was provided to her after she complained that her prior working environment was purportedly too loud for her.  Accordingly, for the last few years of her career, she worked alone in her office and she frequently worked irregular and unauthorized hours, including some late nights and weekends.  Unbeknownst to her colleagues at JBLM Lodging, the defendant's insulated work space and long hours facilitated the commission of the crimes giving rise to this prosecution.

### B. Defendant Was Responsible for Reconciling Rainier Inn's Cash Receipts

During the relevant time period, persons staying at JBLM Lodging facilities paid desk clerks in various methods of payment, including cash. At the end of each shift, the desk clerk – with at least one witness – counted the receivables.  The information from the count was entered on a Daily Cashier's Record, and signed by the desk clerk and the witness.  The Daily Cashier's Record, along with the cash received and receipts for payments, were placed in an envelope and sealed and placed in a locked container.  On the following business day, the defendant – as the accounting technician – was responsible for opening the locked security container and retrieving the envelope and cash.  The defendant was then responsible for balancing the Rainier Inn's Daily Activity Report ("DAR"), which was a report of all daily income at the facility, and then depositing the received funds into the Armed Forces Bank.  She was then required to submit a copy of the DAR and the bank deposit receipt to her supervisor for approval and to the Defense Finance and Accounting Service ("DFAS") for review and maintenance.

### C. Defendant Habitually Stole Rainier Inn's Cash Receipts

Beginning no later than September 1, 2010[1] and continuing until October 10, 2012, the defendant routinely stole cash receipts from JBLM Lodging.  Exploiting the

---

[1] As discussed below, prior to September of 2010, JBLM Lodging had a different computer accounting system than the one in place during the investigation in this matter.  Records from the previous accounting system are no longer easily accessible, and as a result, investigators were unable to determine when the defendant's thefts began.  However, it is entirely possible that her criminal conduct began well before September of 2010.

United States' Sentencing Memorandum/Moody
No. CR14-05005RBL - 3

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

access to cash that she was provided in her capacity as accounting technician, the defendant removed cash from the Rainier Inn's locked security container and falsified records to conceal her actions. The defendant's concealment was intricate and required significant effort and time to execute. She routinely altered records to make them appear as though no cash was received by the Rainier Inn, and in turn, she pocketed the cash that was truly property of JBLM Lodging.

In August of 2012, the defendant took an extended leave from work, after which time JBLM Lodging staff discovered significant discrepancies between the DARs maintained in the computer system and the signed copies of the DARs that the defendant submitted to DFAS. The hard copy DARs had been obviously tampered with and contained obvious evidence of manual editing and alterations. The tampered DARs showed significant discrepancies in daily cash receipts, most or all of which was missing. Upon discovering these discrepancies, the defendant's supervisor asked her about the missing funds. Instead of owning up to her crime, the defendant denied any knowledge of the issue and abruptly retired.

Subsequently, investigating agents contacted the defendant at her home in December of 2012, at which time she lied to the agents and claimed to be someone else. She told them that no one by her name lived at her residence. After the agents confronted her with her Department of Motor Vehicles photograph, she admitted who she was and agreed to an interview. However, when confronted about the aforementioned embezzlement scheme, Ms. Moody again refused to take responsibility for her actions, and she denied that she took the money.

**D. Defendant Stole at Least $251,306.24 in Public Funds**

Investigation into this matter has revealed that the Defendant stole a total of $251,306.24 between September 1, 2010 and October 10, 2012. It is important, however, to note that investigators were unable to account for any potential losses that occurred prior to September 2010, since a different computer accounting system had been in place at the time and those records were no longer easily accessible. Nevertheless, there can be

United States' Sentencing Memorandum/Moody
No. CR14-05005RBL - 4

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

no doubt that the defendant's criminal conduct continued for years, resulting in a substantial loss to the United States Army.

As discussed above, JBLM Lodging provided lodging to active duty military personnel, persons under official military orders from the United States Department of Defense, retired military personnel, and their families. The accommodations provided by JBLM Lodging were low cost for the benefit of the military members and their families, and the facilities were not run so as to make a significant profit. They were operated to provide a benefit for military servicemen and women, and funds earned by the facilities were funneled back into the facilities so that they could continue serving military members and their families. Because of Ms. Moody's theft and deception, these funds were not available for their proper use.

### III. ADVISORY GUIDELINES CALCULATION

The Government agrees with the United States Probation Office's determination that the defendant has a criminal history category of I. The government believes that the proper Sentencing Guidelines calculations are as set forth below:

| | | |
|---|---|---|
| Base Offense Level | 6 | Nature of the offense – USSG § 2B1.1(a)(2) |
| Specific Offense Characteristic | +12 | Loss amount greater than $200,000 but less than $400,000 – USSG § 2B1.1(b)(1)(G) |
| Specific Offense Characteristic | +2 | Abuse of position of public trust that significantly facilitates the commission or concealment of the offense – USSG § 3B1.3 |
| Acceptance of Responsibility | -3 | Defendant accepted responsibility early – USSG § 3E1.1(b) |
| **Total Offense Level** | **17** | |

Because the offense involved a loss of more than $200,000, but less than $400,000, the offense is increased by twelve levels. *See* USSG §2B1.1(b)(1)(G) (if the offense involves more than $200,000, increase by twelve levels). Additionally, because the Defendant abused a position of public trust in a manner that significantly facilitated

United States' Sentencing Memorandum/Moody
No. CR14-05005RBL - 5

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

the commission of the defendant's theft of government money, the offense is increased by two levels.  With a total offense level of 17 and a criminal history category of I, the defendant has an advisory guideline range of 24-30 months in prison.

## IV.  RECOMMENDATION AND JUSTIFICATION

### A.  Term of Imprisonment

The United States recommends the Court impose upon defendant a sentence of twenty-four months in prison.  That sentence is justified by the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of defendant, the need for the sentence imposed to reflect the seriousness of the offense and to promote respect for the law, the need to provide for just punishment, and the need to adequately deter criminal conduct.

### B.  The Nature and Circumstances of the Offense

The offense involved the defendant severely abusing her employment position to steal over $250,000 in cash receipts.  The defendant's criminal conduct was deliberately and intentionally carried out for a period of at least two years, during which time she took extraordinary steps to cover up and hide her crime by manually altering Rainier Inn's business records.

Furthermore, the defendant worked in a position of public trust.  As an employee of JBLM Lodging, the defendant was entrusted to handle significant sums of government money.  She decimated that trust through years of deceitful criminal conduct.  Through her actions, the defendant demonstrated a callous disregard for the economic harms that could result from the actions she took in the pursuit of making easy money.

### C.  History and Characteristics of Defendant

Although the defendant does not have a significant criminal history, her deceptive and deceitful behavior that gave rise to this case warrant the sentence recommended by the Government.  Not only did she steal from JBLM Lodging for at least two years, but she continued her deception by lying to law enforcement officers in December of 2012.

United States' Sentencing Memorandum/Moody
No. CR14-05005RBL - 6

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Additionally, the defendant was motivated by her own greed so that she could finance her gambling habit.  Essentially, she forced the government to bankroll this habit during the years in which she was habitually stealing from JBLM Lodging.   There is every likelihood that she would still be stealing from her former employer had her supervisors not detected the accounting irregularities in her work in 2012.

### D. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide for Just Punishment

For more than two years, Ms. Moody deliberately executed a scheme to steal over $250,000 from JBLM Lodging.  The high loss amount and lengthy duration of the offense conduct are aggravating factors, rendering the recommended sentence appropriate.  Ms. Moody acted intentionally and with complete disregard for the fact that she was abusing a position of public trust and stealing money from the United States Army.  She stole funds that were used to provide support services for military members and their families.  There are many other individuals employed in a capacity similar to the Defendant who we entrust to handle public funds.  We count on them to discharge their duties without compromise given our limited public resources.  The message to those who faithfully and consistently discharge those duties to protect limited public resources must be that those who do not do so will be sanctioned accordingly.

The government and the Probation Office agree that a term of twenty-four months imprisonment is appropriate here.  The seriousness of Ms. Moody's criminal conduct would be emphasized by the Court's imposition of the sentence requested by the government and the Probation Office.

### E. The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct

The government believes that this prosecution, together with the recommended term of imprisonment, should deter Ms. Moody from engaging in further criminal conduct.  Another important consideration, however, is the deterrent effect this prosecution and the resulting sentence will have on the broader community.  Theft of

United States' Sentencing Memorandum/Moody
No. CR14-05005RBL - 7

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

government money victimizes the public entity truly entitled to those funds, and it is important to send the message that this type of misconduct will be punished as a serious criminal act.

### F. Supervised Release, Restitution, and Criminal Fine

The government joins the Probation Office in seeking three years of supervised release. Given her gambling habit, the expansive nature of her deception, and the total loss amount, the government submits that three years of supervised release is appropriate.

The government also joins the Probation Office in seeking an order that Defendant pay restitution to the victim – United States Army Lodging – in the amount of $251,306.24. Attached hereto as Exhibit A is a true and correct summary of cash embezzled by Gail Moody from September of 2010 through August of 2012. This summary was prepared by Federal Bureau of Investigation Forensic Accountant Gary Beisheim. Pursuant to 18 U.S.C. §§ 3663A and 3664(f)(1)(A), restitution to the victim is mandatory.

Additionally, the government has no information with which to challenge the defendant's representations regarding her finances. Accordingly, the government defers to the Court as it relates to the imposition of a fine, recognizing that a significant mandatory restitution obligation will be imposed.

### V. CONCLUSION

Ms. Moody stole more than $250,000. She accomplished her crime by manipulating and tampering with JBLM's business records, stealing cash receipts, and deceiving her employer for over two years. Ms. Moody was fueled by her gambling habit and her own greed and completely disregarded the fact that the funds that she stole should have been available for proper use by the United States Army. In light of Ms. Moody's extensive, deliberate, and intentional criminal conduct, the United States

//

United States' Sentencing Memorandum/Moody
No. CR14-05005RBL - 8

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  recommends the Court impose on defendant a sentence of twenty-four months in prison,
2  followed by three years of supervised release, and the payment of restitution in the
3  amount of $251,306.24.
4       DATED this 19th day of March, 2015.

                                           Respectfully submitted,

                                           ANNETTE L. HAYES
                                           Acting United States Attorney

                                           *s/ Erin M. Wilson*
                                           Erin M. Wilson
                                           Assistant United States Attorney
                                           1201 Pacific Avenue, Suite 700
                                           Tacoma, Washington 98402
                                           Telephone: (253) 428-3822
                                           Fax: (253) 428-3836
                                           E-mail: erin.wilson@usdoj.gov

United States' Sentencing Memorandum/Moody
No. CR14-05005RBL - 9

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant.

> */s/Kelly M. Shirkey*
> KELLY M. SHIRKEY
> Legal Assistant
> United States Attorney's Office
> 1201 Pacific Avenue, Suite 700
> Tacoma, Washington 98402
> Phone: 253-428-3800
> FAX:   253-428-3826
> E-mail: Kelly.Shirkey@usdoj.gov

United States' Sentencing Memorandum/Moody
No. CR14-05005RBL - 10

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800