JUDGE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR14-5005 RBL |
| Plaintiff, | |
| v. | DEFENDANT'S SENTENCING MEMORANDUM |
| GAIL JEANNETTE MOODY, | |
| Defendant. | |

## I.  INTRODUCTION AND RECOMMENDATION

Gail Moody will appear before the Court for sentencing on March 27, 2015, for sentencing based on her guilty plea to theft of government money.   Defendant recommends a sentence of 6 months confinement, followed by 6 months home confinement[1] and three years of supervised release.

## II.  ADVISORY SENTENCING GUIDELINES

All parties agree that Ms. Moody's advisory sentencing guideline range is 24-30 months, based on a total offense level of 17 and criminal history category of  I. Defense is recommending a downward variance to an offense level of 13, for reasons discussed below.

//

//

---

[1] USSG 5C1.1(d)(2) allows for a "split sentence" with half the sentence served in total confinement and the remaining half served in home detention.

### III. DISCUSSION

**A.  Ms. Moody's incarceration will cause major hardship for her 81-year-old mother who depends on her for assistance in her day-to-day life.**

Ms. Moody accepts responsibility for her crime and her punishment. She is prepared to serve time to pay for her crime. To say she is remorseful and ashamed is an understatement. As she says in her letter, her gambling addiction has destroyed her life. Now, her impending confinement is devastating her family. Her 81-year-old mother faces living alone, which is a bad idea given her frailty, or going into a nursing home. Her two sisters cannot care for her mom – one sister cares for their mentally-disabled father in Wenatchee and her other sister cares for a cancer-stricken husband and autistic child in California.

Ms. Moody is at a loss to explain the actions that have caused this nightmare for herself and her family. She has been attending Gamblers' Anonymous (GA) in an effort to make sure she will never again place herself in such a situation. However, her most immediate concern is for the wellbeing of her mother, Virginia Richards. Ms. Richards is elderly and fragile. Following hip replacement surgery during 2014, she became inactive and lost all muscle mass in her legs, causing extreme weakness in her entire body. She has had many falls during the past year, causing further injuries. Most recently, she fell while Ms. Moody was not home, suffered a concussion, and Ms. Moody found her lying on the floor in a delusional state.

Ms. Richards has been in physical therapy, hoping to regain strength so that she could continue to live independently while Ms. Moody serves her sentence. Unfortunately the PT has not been as successful as had been hoped for. She is weak and continues to be at high risk for falls. She has no other family members in this area to stay with her or even look in on her regularly. At this point it seems that the only practical solution is for her to be in nursing or assisted living care while her daughter is

incarcerated. Thus, while Ms. Moody is able-bodied and can likely serve prison time without extraordinary hardship, it is her elderly mom who will suffer the most during Ms. Moody's term of confinement.

  **B.**  **The Sentencing Statute, 18 U.S.C. section 3553(a), USSG § 5H1.6, and numerous sentencing courts have recognized hardship to innocent family members as grounds for a sentence substantially below the advisory guidelines.**

  Under Booker,[2] and Rita,[3] numerous sentencing courts have taken into consideration extraordinary family circumstances, or incarceration's harsh effect on innocent parties, as a factor in fashioning a just and reasonable sentence under § 3553(a). *See*, e.g., *United States v. Dominguez*, 296 F.3d 192 (3d Cir.2002) (district court erred in concluding it could not depart four levels in bank fraud case for defendant who resided with elderly parents, who were physically and financially dependent on her; U.S. v. Bortnick, 2006 WL 680544 (E.D.Pa. March 15, 2006) (unpub.) (in $8 million fraud case for which guidelines advised 51-63 months, court imposed $1 million fine and seven day sentence in part because defendant's son born with severe handicap needed attention and financial support and taking non-violent defendant with no criminal history out of family environment for protracted time would serve no social or penal purpose); U.S. v. Munoz-Nava, 524 F.3d 1137 (10th Cir. 2008) (sentence of 1 year and 1 day for a man who possessed with intent to distribute 100 grams of heroin, despite a guideline range of 46-57 months, based on his long work career, community support, lack of a criminal record, and responsibilities as sole supporter of 8-year-old son and elderly parents, which reduced the likelihood he would re-offend);[4]

---

[2] *United States v. Booker*, 543 U.S. 220 (2005)
[3] *Rita v. United States*, 551 U.S. 338 (2007)
[4] *Accord*, *United States v. Antonakopoulos*, 399 F.3d 68 (1st Cir. 2005) (on remand of bank fraud case, district court may consider defendant's role as caretaker for brain-damaged son even though alternative means of care existed; *United States v. Owens*, 145 F.3d 923 (7th Cir. 1998) (departure from 169 to 120 months under § 5H1.6 for defendant who maintained good relationship with his children and court believed his

Several of the above-cited cases, like this case, have involved the need for a defendant to care for elderly or infirm parents who had no alternative caregiver.

USSG 5H 1.6 directs the sentencing court to consider, as non-exhaustive factors, the seriousness of the offense, involvement (if any) of the defendant's family members, and danger to family members as a result of the offense in weighing a sentencing departure under this section of the guidelines.  Clearly, Ms. Moody's family members were not involved in her offense, nor did the offense involve danger to her family.  The offense was not a violent one, and even the Probation report acknowledges that she presents a low risk to reoffend and does not present a danger to the community.  While her offense was certainly serious, the defense would submit that the need for a lengthier confinement as punishment for this defendant should be balanced against the extraordinary hardship to her elderly mother which will result from her confinement.  In

---

active role raising and supporting his family was atypical for crack dealer and imprisonment may have forced wife on public-assistance and defendant also spent time with brother with Downs Syndrome); *United States v. Lehmann*, 513 F.3d 805 (8th Cir. Jan. 17, 2008) (sentence of probation affirmed where justified by the atypical nature and circumstances of the felon in possession case and by the defendant's need to care for her nine-year-old developmentally-disabled son); *United States v. Menyweather*, 431 F.3d 692 (9th Cir. 2005) ( in $500,000 embezzlement case, no abuse of discretion to depart 8 levels to probation in part because of defendant's care for daughter, which was unusual compared to other single parents); *United States v. Leon*, 341 F.3d 928 (9th Cir. 2003) (departure granted for defendant who was sole cae giver of suicidal wife who also suffered from renal failure); *United States v. Aguirre*, 214 F.3d 1122 (9th Cir. 2000) (district court had discretion to depart downward 4 levels for extraordinary family circumstance that defendant's 8-year old son had lost his father and would be losing his mother for substantial amount of time); *Accord, United States v. Gauvin*, 173 F.3d 798 (10th Cir. 1999) (3-level departure to make defendant eligible for shock incarceration was warranted under § 5H1.6 to minimize impact on children where defendant supported 4 young children and his wife worked 14 hour days, miles from home, was barely able to provide for children and risked losing custody of her children and her job, and no extended family could take custody of them). *United States v. Colp*, 249 F. Supp. 2d 740 (E.D. Va. 2003) (departure from 10 months to probation granted in tax evasion case because defendant was sole caretaker for husband disabled by brain injury).

DEFENDANT'S SENTENCING MEMORANDUM
(*United States v. Moody*; CR14-5005 RBL)

weighing and balancing these factors, the defense submits that confinement for 6 months, followed by home detention for an additional 6 months would be a reasonable resolution for this case.

### IV. CONCLUSION

For the foregoing reasons, the defense respectfully recommends that the Court adopt the above-stated recommendation.

DATED this 23rd day of March, 2015.

                                        Respectfully submitted,

                                        s/ Miriam Schwartz
                                        Assistant Federal Public Defender
                                        Attorney for Gail Jeannette Moody

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties registered with the CM/ECF system.

                                                s/ *Carolynn Cohn*
                                                Paralegal
                                                Federal Public Defender